United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41392
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL GARCIA-CERVANTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-315-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raul Garcia-Cervantes appeals his guilty-plea sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326 (a) and (b). He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Garcia-Cervantes also argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Cervantes acknowledges that his first argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he wishes to preserve the issue for Supreme Court review in light of <u>Apprendi</u>. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Thus, we must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

We review Garcia-Cervantes's second argument, challenging the imposition of his sentence under a mandatory sentencing guidelines scheme, for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005); <u>see also</u> <u>United States v. Malveaux</u>, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). After <u>Booker</u>, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34. However, nothing in the record indicates that the plain error affected Garcia-Cervantes's substantial rights. <u>See</u> <u>id.</u> Accordingly, Garcia-Cervantes's sentence is AFFIRMED.